IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

HAZEL E. MCMINN (Bennell)                                          PLAINTIFF

v.                                    CIVIL NO. 06-3034

MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration                                      DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Hazel E. McMinn (Bennell) brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for period of disability and disability insurance benefits (DIB) supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act).

**Procedural Background:**

The applications for DIB and SSI presently before this court were filed on July 22, 2003, alleging an inability to work since April 1, 2000, due to back pain, leg pain, chronic shoulder and arm pain, migraine headaches, asthma, depression and anxiety. (Tr. 92-95, 803-806). An administrative hearing was held on October 12, 2005. (Tr. 29-54). Plaintiff was present and represented by counsel.

---

[1]Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

By written decision dated November 9, 2005, the ALJ found that plaintiff has an impairment or combination of impairments that are severe. (Tr. 23). However, after reviewing all of the evidence presented, he determined that plaintiff's impairments do not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 23). The ALJ found plaintiff retained the residual functional capacity (RFC) to perform a full range of light work. (Tr. 23). With this RFC, the ALJ determined plaintiff could perform her past relevant work as a motel maid. (Tr. 23).

Plaintiff appealed the decision of the ALJ to the Appeals Council. After reviewing the additional medical evidence submitted, the Appeals Council denied review on May 5, 2006. (Tr. 6-9). When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. #1). Both parties were afforded the opportunity to file an appeal brief; however, only defendant chose to do so. (Doc. # 8). This case is before the undersigned for report and recommendation.

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have

decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work

experience in light of her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

**Discussion:**

The ALJ has a duty to fully and fairly develop the record. It is incumbent upon the ALJ to establish by medical evidence that the claimant has the requisite RFC and to question a claimant in detail about her abilities. We are troubled by the ALJ's failure to obtain a mental RFC assessment from either plaintiff's treating physicians or a consultative examiner. In the November of 2005 decision, the ALJ makes the following findings regarding plaintiff's mental capabilities:

> The claimant's mental impairments have not significantly affected her ability to perform work where there is incidental contact with the general public and co-workers; interpersonal contact with co-workers and peers is incidental to work performed; perform simple 1-2 step tasks; and where supervision required is simple, direct and concrete.

(Tr. 18). However, the ALJ also found plaintiff maintained the RFC to perform a full range of light work without any limitations caused by her alleged depression and anxiety. (Tr. 23).

We examined the transcript and did not find an assessment from a medical professional regarding plaintiff's mental capabilities in a work setting; however, as stated above, the ALJ included mental limitations in the body of his decision. *See Nevland v. Apfel,* 204 F.3d 853, 858 (8th Cir.2000) (ALJ may not draw upon his own inferences from medical reports). We note there is an assessment from Dr. Vann A. Smith opining plaintiff is disabled but this assessment was made after a one-time evaluation and does not give the objective findings to support Dr. Smith's opinion. (Tr. 669-671). We do not find fault in the ALJ's reasoning for discounting the findings made by Dr. Smith, however, the medical evidences clearly establishes plaintiff has sought

4

treatment for depression and anxiety and has been prescribed medication to treat depression and anxiety as well as panic attacks. (Tr. 859, 891, 896, 899).[2] Plaintiff also reported suffering from depression, anxiety and panic attacks in the forms she completed for her disability applications and at the October 2005 administrative hearing. (Tr. 47, 49-50, 127, 146, 153, 156, 165, 173). Since the medical evidence is unclear regarding plaintiff's mental capabilities, we find the ALJ erred in not obtaining a RFC assessment from a medical professional. *Strongson v. Barnhart,* 361 F.3d 1066, 1071-72 (8th Cir.2004) (ALJ must develop record fully and fairly to ensure it includes evidence from treating physician, or at least examining physician, addressing impairments at issue). Accordingly, we find remand warranted so that the ALJ can more fully and fairly develop the record.

We are also troubled by the ALJ's physical RFC findings. It appears the RFC that the ALJ relied upon was completed, for a previous application for disability, on March 20, 2003. (Tr. 531-539). We note, plaintiff sought frequent treatment for back pain and problems after the completion of this RFC assessment and we strongly recommend that the ALJ obtain an updated physical RFC assessment from a medical professional.

The undersigned acknowledges that the ALJ's decision may be the same after proper analysis. Nonetheless, proper analysis must occur. *Groeper v. Sullivan,* 932 F.2d 1234, 1239 (8th Cir. 1991).

---

[2] We note we consider this evidence, even though submitted after the date of the ALJ's decision, as the Appeals Council considered it before denying review. (Tr. 9). *See Riley v. Shalala*, 18 F.3d 619, 622 (8th Cir. 1994). Some of the evidence plaintiff submitted to the Appeals Council was before the ALJ prior to his rendering the November 9, 2005, decision. We strongly suggest to plaintiff's counsel that he review the evidence submitted on plaintiff's behalf to reduce submitting duplicate records.

**Conclusion:**

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).  **The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 9th day of May 2007.

/s/ J. Marschewski
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE