IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION


HAZEL E. MCMINNS (BENNELL)                                    PLAINTIFF


          v.                        CIVIL NO. 06-3034


MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration                                DEFENDANT


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Hazel E. McMinns (Bennell) appealed the Commissioner's denial of benefits to this court.   On May 30, 2007, judgment was entered remanding plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. # 10).  On August 28, 2007, plaintiff moved for an award of $4,173.02 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 29.25 attorney hours of work before the court at an hourly rate of $140.00, and $43.02 in expenses. (Doc. # 11-12).  On September 7, 2007, defendant filed a response, objecting to the hourly rate requested and certain hours claimed. (Doc. # 13). On October 16, 2007, this court set a hearing on the motion for attorneys fees. (Doc. # 15).  On November 26, 2007, plaintiff filed an amended motion and memorandum brief for fees requesting compensation for 6.00 attorney hours of work

---

[1]Michael J. Astrue became the Social Security Commissioner on February 12, 2007.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

before the court at an hourly rate of $140.00, 8.75 paralegal hours at an hourly rate of $75.00 and $43.02 in expenses. (Doc. # 16-17).[2]

**§ 406 Fees:**

Statutory provision for the award of attorney's fees is found in 42 U.S.C. § 406(b)(1). We find this request is premature, in that there has been no submission of evidence indicating plaintiff has been successful upon remand and has been awarded benefits from which an appropriate fee may be paid.  The fee awarded an attorney under 42 U.S.C. § 406 is paid out of any past-due benefits to which the claimant is entitled.  See 42 U.S.C. § 406(a), (b); 20 C.F.R. § 404.1720(b)(4).  Plaintiff's counsel routinely requests fees pursuant to 42 U.S.C. § 406(b)(1) as an alternative should the court not grant fees pursuant to the EAJA. We *strongly* recommend to plaintiff's counsel that he review the requirements needed to seek fees pursuant to 42 U.S.C. § 406(b)(1) and to refrain from requesting such fees as an alternative in every petition for fees pursuant the EAJA.

**EAJA Fees:**

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified.  The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986).  After reviewing the file, we find plaintiff is a prevailing party in this matter.  Under *Shalala v.*

---

[2] We note plaintiff's counsel indicates that he did not file a Motion for Summary Judgment in this case. (Doc. # 17, p. 2-3). We would point out that this district does not require the parties to file a Motion for Summary Judgment. The Western District of Arkansas requires that each party file a brief identifying specific points for appeal.

2

*Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1).  Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985.  *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985).  Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id.  See also*, *Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

In determining a reasonable attorney's fee, the court will in each case consider the following factors:  time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved.  *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir.1991), quoting *Cotter v. Bowen, 879 F.2d 359, 361 (8th Cir.1989).* The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir.1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A).

Plaintiff's counsel requests attorney's fees under EAJA at a rate of $140.00 an hour based on an increase in the cost of living. Attorney's fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase

4

in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index. Plaintiff's counsel has attached a summary of the Consumer Price Index as an exhibit to his Memorandum of Law (Doc. # 17) and has presented evidence of an increase in the cost of living. Therefore, the undersigned believes his argument for enhanced fees based on a cost of living increase has merit. Accordingly, we find that plaintiff's counsel is entitled to an award at the rate of $140.00 per hour.

Plaintiff's counsel has also requested 8.75 paralegal hours of work at the rate of $75.00 per hour. We find the hourly rate should be reduced to $65.00 per hour.

We next address the number of hours plaintiff's counsel claims were spent working on this case. Plaintiff's counsel requests a total of 8.75 paralegal hours for worked performed on this case. Specifically, plaintiff's counsel seeks a total of 3.00 hours of paralegal work from May 20, 2006, through June 5, 2006. The Complaint was filed in this court on June 12, 2006. (Doc. # 1). We note, time spent at the administrative level is not compensable under the EAJA. *See Cornella v. Schweiker*, 728 F.2d 978, 988-89 (8th Cir. 1984). However, some of the time submitted on the above referenced dates was clearly in preparation for the filing of the Complaint with this court. Therefore, we will allow 2.00 paralegal hours. Accordingly, 1.00 paralegal hour must be deducted from the total compensable time sought by counsel.

5

Plaintiff's counsel seeks 0.25 paralegal hour on June 13, 2006 (received and reviewed file marked copy of complaint with attachments. Review of file), from which we deduct 0.25 hour; 0.75 paralegal hour submitted on June 23, 2006 (perfected service on the complaint. Review of file), from which we deduct 0.58 hour; 0.25 paralegal hour on July 25, 2006 (letter to client enclosing to whom it may concern letter. Review of file), from which we deduct 0.25 hour; and 0.25 paralegal hour on August 28, 2007 (converted EAJA documents and filed electronically), from which we deduct 0.25 hour. This time cannot be compensated, in full, under the EAJA. *Granville House, Inc. v. Department of HEW,* 813 F.2d 881, 884 (8th Cir.1987) (work which could have been completed by support staff is not compensable under the EAJA). Accordingly, we deduct 1.33 paralegal hours from the total number of compensable hours sought.

Plaintiff's counsel seeks a total of 2.25 paralegal hours for conferences with plaintiff on August 14, 2006, September 21, 2006, October 12, 2006, December 14, 2006, May 1, 2007, and July 25, 2007. A review of the subject matter listed for these conferences include a change of address, marital difficulties, an appointment with counsel, notarization of a statement and status of the case. We will allow 0.25 hour submitted on the above dates for the discussion of the status of plaintiff's case. The remaining work and time involved on the above dates could have been performed by support staff. Accordingly, we deduct 2.00 paralegal hours from the total number of compensable hours sought.

Plaintiff's counsel seeks 0.25 paralegal hour on June 15, 2006 (received and reviewed Order from Judge granting the Application to proceed In Forma Pauperis. Review of file.). We point out that this is a routine two-paragraph Order that should not have taken more than five or

6

six minutes to read. As such, we will allow 0.10 hour. Plaintiff's counsel further seeks 1.75 hour on August 27, 2007 (preparation of the exhibits for EAJA, Preparation of motions and affidavits), from which we deduct 0.75 hour.  We find 1.00 hour to be ample time to make the changes to plaintiff's counsel routine motions and memorandums for fees. Accordingly, we deduct 0.90 paralegal hour from the total number of compensable hours sought.

Plaintiff's counsel seeks a total of 3.75 attorney hours for conferences with plaintiff on July 25, 2006, July 27, 2006, September 18, 2006, February 28, 2007, and July 25, 2007.   A review of the subject matter listed for these conferences include plaintiff's medical bills, the ability of plaintiff receiving Widow's benefits, plaintiff's change of address, and the status of plaintiff's case. We will allow 2.00 hours submitted on the above dates for the discussion of the status of plaintiff's case.  Accordingly, we deduct 1.75 attorney hours from the total number of compensable hours sought.

Plaintiff's counsel seeks 0.25 attorney hour on May 10, 2007 (received and reviewed US District Court Western District of Arkansas Harrison Division Magistrate Judge's Report and Recommendation. Review of file); and 0.25 attorney hour on May 30, 2007 (received and reviewed Judgment remanding case to ALJ. Review of file). This court concludes that the time submitted on the above referenced dates, should not have taken an attorney experienced in handling social security cases more than five or six minutes to review these documents. *Bowman v. Secretary of H.H.S.*, 744 F.Supp 898 (E.D.Ark. 1989).  Therefore we are reducing the 0.25 hour submitted on the above referenced dates to 0.10 hour.  Accordingly, 0.30 attorney hour must be deducted from the total compensable time sought by counsel.

7

Plaintiff's counsel seeks 0.25 attorney hour on July 16, 2007 (received and reviewed notice of order of Appeals Council remanding case to ALJ. Review of file), from which we deduct 0.25 hour; and the 0.25 hour submitted on August 22, 2007 (received and reviewed letter from SSA with acknowledgment of remand from District Court. Review of file), from which we deduct 0.25 hour.[3] As stated above, work performed at the administrative level is not compensable under the EAJA. *See Cornella v. Schweiker*, 728 F.2d 978 at 988-89.  Accordingly, we deduct 0.50 attorney hour from the total number of compensable hours sought.

Plaintiff's counsel seeks 0.25 hour on August 27, 2007 (preparation of the exhibits for EAJA. Preparation of motions and affidavits), from which we deduct 0.25 hour.  We acknowledge that reviewing these documents is valid work performed by an attorney in these cases. We believe fifteen minutes of review was ample time to alert plaintiff's counsel to the errors in the original motion for fees and will not allow the time submitted in this case. Accordingly, we deduct 0.25 attorney hour from the total number of compensable hours sought.

Finally, counsel seeks reimbursement for $43.02 in expenses incurred with regard to postage and photocopies. Such expenses are recoverable under the EAJA and we find $43.02 to be a reasonable award.  *See Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988).

Based on the above, we recommend awarding plaintiff's attorney fees under the EAJA for: 3.20 (6.00-2.80) attorney hours, at the hourly rate of $140.00, 3.52 (8.75 - 5.23) paralegal hours, at the hourly rate of $65.00, and for $43.02 in expenses, for a total attorney's fee award of $719.82.  This amount should be paid in addition to, and not out of, any past due benefits

---

[3]We would point out in the original motion for attorney's fees the time for the review of this document was dated August 27, 2007.  While we understand plaintiff's counsel amended the motion for fees and made corrections to errors, plaintiff's counsel is reminded that contemporaneous time sheets are required when keeping track of work performed on behalf of his clients in order to receive attorneys fees pursuant to the EAJA.

8

which plaintiff may be awarded in the future.  We further recommend that the original motion for fees filed on August 28, 2007, be DENIED as moot. **The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the plaintiff.

**With the entry of this Report and Recommendation, the hearing scheduled for December 4, 2007, is cancelled.**

IT IS SO ORDERED this 29th day of November 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

9